W. H. KAYE AND KATIE C. LEWIS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6226.   Promulgated July 21, 1927.

> Where the Commissioner determined a deficiency for the year 1919 and an overassessment for the year 1920, such overassessment not arising from the denial of a claim for abatement of a deficiency, and the petition alleges error as to the year 1919, for which a deficiency was determined, *held*, that the Board has no jurisdiction to determine the deductibility of an alleged loss with respect to the year 1920 for which an overassessment was determined.

*William Marshall Bullitt, Esq.*, for the petitioners.
*Thomas M. Wilkins, Esq.*, for the respondent.

This proceeding is for the redetermination of deficiencies in income-tax duly asserted by the respondent against W. H. Kaye in the amounts of $690.93 and $37.87 for the calendar years 1919 and 1921, respectively, and against Katie C. Lewis for the calendar year 1919 in the amount of $41.75.

The deficiency notices sent to the petitioners and which constitute the basis for this proceeding set forth deficiencies and overassessments as follows:

| Year | W. H. Kaye | | Katie C. Lewis | |
|---|---|---|---|---|
| | Deficiency in tax | Overassessment | Deficiency in tax | Overassessment |
| 1919 | [1] $690.93 | | [1] $41.75 | |
| 1920 | | $10.08 | | $3.92 |
| 1921 | 37.87 | | | |
| 1922 | | 10.08 | | 2.80 |
| 1923 | | 34.19 | | 2.10 |
| Net deficiency | 728.80 | 54.35 | 41.75 | 8.82 |
| | 674.45 | | 32.93 | |

[1] Waiver.

The petitioners alleged no errors and offered no evidence with respect to any year or any item other than the disallowance of $4,750 taken as a deduction by each in 1919 by reason of the demolition of certain buildings as set forth in the findings of fact.

### FINDINGS OF FACT.

Katie C. Lewis is the aunt of W. H. Kaye. They reside in Louisville, Ky., and for many years prior to 1907 lived in a residence located upon what is now one of the principal streets of that city. The residence in which the petitioners lived was owned jointly by them, each having a one-half interest therein.

Some time prior to the year 1907 the residence, as such, was abandoned and operated as a boarding house. In the year 1907 the residence was torn down and on the lot small buildings were erected at the cost of $14,000. These buildings remained there and were used for business purposes until the year 1920, at which time they were razed. The buildings erected in the year 1907 had a life of 20 years.

In the year 1919 the value of the land upon which the buildings had been erected in 1907 had increased materially and the petitioners desired to obtain revenue therefrom commensurate with the increased value. Accordingly, on September 12, 1919, a lease was entered into by W. H. Kaye and his wife, for themselves and as agents for Katie C. Lewis, with the Majestic Theatre Co., whereby among other things it was agreed and provided that the Majestic Theatre Co. would demolish the buildings then situated upon the petitioners' land and that the lessee would erect thereon a theatre, the cost of which was to be not less than $100,000. The lease was to run for a period of 50 years and it further provided for the payment of rent, under certain conditions, based upon the value of the land exclusive of the improvements thereon. It was further provided that at the expiration of the lease, and under certain other circumstances, the lessee could remove the theatre building erected by it from the land.

Pursuant to the terms of the lease the Majestic Theatre Co. in the year 1920 demolished the buildings situated on the petitioners' land and erected thereon a theatre building. The depreciated cost of the buildings demolished was, at the time of their demolition, $5,600.

In their returns for the year 1919, each of the petitioners deducted from gross income for that year the amount of $4,750 representing one-half of an alleged loss of $9,500 on account of the demolition of the buildings owned by them and demolished under the circumstances set out above. Upon the audit of the returns for the year 1919, the Commissioner disallowed as a deduction the amount of $4,750 taken by each, and determined that the depreciated cost of the buildings demolished represented the cost to them of the lease and should be exhausted over the 50-year term of the lease.

### OPINION.

Love: The buildings in question were not demolished until some time during the year 1920. For that year the Commissioner has determined an overassessment of the tax shown by the petitioners upon their returns and the Board is without jurisdiction to make any determination for that year. *Appeal of Cornelius Cotton Mills*, 4 B. T. A. 255. Upon the facts we think the Commissioner correctly

held that there was no basis for a claim for loss on account of the demolition of these buildings in 1919 because no loss, if one was sustained, could have occurred on this account until the buildings were demolished.

In the petitions the petitioners claimed that they sustained the loss of $4,750 in the year 1919. In the brief filed on their behalf it is contended that the loss was sustained in the year 1920 and is deductible in that year and, in explanation of this contention, petitioners point out that the deductions were taken in the year 1919 by mistake.

*Judgment will be entered for the respondent.*

Considered by TRUSSELL and LITTLETON.